# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:01-CR-374 |
| TAMMY GOULD, | (JUDGE CAPUTO) |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:02-CR-76 |
| TAMMY GOULD, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Tammy Gould's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody. (Doc. 28.)[1] For the reasons set forth below, the Court will dismiss Defendant's motion. Moreover, because Defendant failed to make a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability.

## BACKGROUND

In November 2001, a federal grand jury indicted Defendant Tammy Gould for, *inter alia*, conspiring to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 846. (Doc. 7.) This matter was docketed as criminal matter 01-374. Thereafter, in April

---

[1] The Court notes that citations to the docket refer to those documents from criminal matter 02-76.

2002, a federal grand jury indicted Defendant for, *inter alia*, negotiating counterfeit twenty dollar Federal Reserve notes in violation of 18 U.S.C. § 472.  (Doc. 1.)  This matter was docketed as criminal matter 02-76.  On August 1, 2002, Defendant plead guilty to each of the aforementioned offenses.  (Doc. 9.)  The Court sentenced Defendant to a term of incarceration of sixty-three months in matter 01-374 and a term of incarceration of sixty-three months in matter 02-76 to run concurrently.  (Doc. 24.)  Defendant filed the instant motion pursuant to 28 U.S.C. § 2255 challenging the validity of her sentence in each of the above captioned matters.  (Doc. 28.)  Thereafter, the Government filed a response (Doc. 34), to which Defendant replied (Doc. 35).  The matter is fully briefed and ripe for disposition.

## STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  In such instances, an evidentiary hearing is not required.  *Gov't of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir. 1985).

## DISCUSSION

Defendant first argues that the sentence imposed by the Court violates the Sixth Amendment because when sentencing Defendant, the Court enhanced her sentence in reliance on an amount of drugs not admitted to by her, nor found by a jury. (Doc. 28 at 8.) In her motion, petitioner relies primarily on *Blakely v. Washington,* 542 U.S. ---, 124 S. Ct. 2531 (2004), for support of her contention that her sentence is unconstitutional.  (*See* Docs.

28 & 35.)  Defendant's argument is now governed by the intervening decision of *United States v. Booker*, 543 U.S. ---, 125 S. Ct. 738 (2005). The Government argues that Defendant is precluded from raising this claim by way of a motion pursuant to § 2255 because Defendant failed to raise this issue on direct appeal.  The Court need not address the Government's procedural default argument because in a recent decision, the United States Court of Appeals for the Third Circuit held that the rule espoused by the Supreme Court in *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005.  *Lloyd v. United States*, No. 04-3549, 2005 WL 1155220, at *6 (3d Cir. May 17, 2005).

Here, the Court entered judgment against Defendant in each of the above captioned matters on September 24, 2003.  As Defendant did not file a direct appeal, the judgment of conviction became final on October 10, 2003. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see also* FED. R. APP. P. 4(b)(1)(A).  Consequently, Defendant's motion must be dismissed with respect to her claim that the sentence imposed by the Court violates the Sixth Amendment.

Defendant next argues that she is entitled to relief because her counsel was ineffective during the guilt and sentencing phases of her criminal proceedings because "he failed to posses the knowledge regarding the benefits of the Sixth Amendment . . . ." (Doc. 28 at 8.) Defendant argues that the deficiencies of counsel denied her the right to effective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).  The Government contends again the Defendant's claim is barred because she failed to raise an ineffective assistance of counsel claim on direct appeal. The Court disagrees. In *Massaro*

*v. United States*, the Supreme Court explicitly held that claims of ineffective assistance of counsel are not subject to procedural default and may be brought in the first instance by way of a § 2255 motion regardless of whether the movant could have asserted the claim on direct appeal. 538 U.S. 500, 504 (2003). Therefore, Defendants ineffective assistance of counsel claim is not barred.

As noted above, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." In the context of a claim of ineffective assistance of counsel, the Court must determine whether the movant has presented any nonfrivolous claims which satisfy the standard set forth by the Supreme Court in *Strickland*. *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988). In doing so, the Court must accept as true all nonfrivolous allegations in the motion. *Id.*

To demonstrate that her counsel's performance was constitutionally infirm under *Strickland*, Defendant must first establish that her counsel's "'representation fell below an objective standard of reasonableness' meaning 'reasonableness under prevailing professional norms.'" *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001) (quoting *Strickland*, 538 U.S. at 688). When reviewing the claims of Defendant, the Court must be highly deferential in order to evaluate the challenged conduct from counsel's perspective at the time it allegedly occurred. *Id.* Second, Defendant must establish that as a result of her counsel's deficient performance, she suffered prejudice. To demonstrate prejudice, Defendant must establish that there is a "reasonable probability that, but for the counsel's

unprofessional errors, the result would have been different." *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  Thus, if the nonfrivolous claims set forth in Defendant's motion fail to demonstrate either the deficiency of counsel's performance or prejudice to Defendant, a hearing is not required and the Court must dismiss the motion.

In the instant matter, even accepting all of Defendant's allegations as true, she cannot establish that counsel's performance fell below an objective standard of reasonableness.  The only deficiency alleged by Defendant with respect to counsel's performance was his alleged failure to "possess the knowledge regarding the benefits of the Sixth Amendment" during both the guilt and sentencing phases of Defendant's criminal proceedings.  (Doc. 28 at 8.)  In light of the arguments forwarded throughout Defendant's motion, it is apparent that Defendant is essentially arguing that counsel's performance was deficient because he failed to anticipate the impending change in the legal landscape precipitated by the Supreme Court's decisions in *Blakely* and *Booker*.  However, a failure to predict a change in legal precedent does not constitute deficient performance. *Nicholas*, 865 F.2d at 62; *see also Fuller v. United States*, 398 F.3d 644, 651 n.4 (7th Cir. 2005); *United States v. Levy*, 391 F.3d 1327, 1334 n.3 (11th Cir. 2004).  Therefore, because Defendant relies solely on counsel's inability to predict the change brought forth by *Blakely* and *Booker* as the basis for her claim that her counsel performed inadequately, she cannot establish the first prong of *Strickland*.  Accordingly, the Court will dismiss Defendant's motion with respect to her claim of ineffective assistance of counsel.

Finally, while not set forth as a separate ground for relief, Defendant raises the

5

argument that her plea was defective in that it was not entered with a full understanding of the resulting consequences. The Court notes that Defendant maintains that she does not wish to withdraw her plea. (Doc. 28 at 11.) Rather she wants to be re-sentenced in accordance with the Sixth Amendment. (*Id*.) Nonetheless, the Court will review this claim.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a court may only accept a defendant's plea of guilty if it is made knowingly, voluntarily, and intelligently. Prior to accepting Defendant's guilty plea on August 2, 2002, the Court determined that Defendant was entering her plea knowingly, voluntarily and intelligently. (Doc. 9.) Defendant appears to rely on the subsequent changes in *Blakely* and *Booker* as support for her contention that she did not understand the consequences of her plea. However, intervening changes in law do not render an otherwise valid guilty plea involuntary or unknowing. *Brady v. United States*, 397 U.S. 742, 757 (1970). In *Brady,* the Supreme Court noted that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* Thus, because Defendant entered her plea voluntarily, knowingly, and intelligently, and with the assistance of counsel, Defendant's motion will be dismissed insofar as she claims that the entry of her plea was defective.

## CONCLUSION

The Court finds that *Booker* is not retroactively applicable to Defendant as the Court entered judgment against her prior to January 12, 2005. Moreover, the Court finds that Defendant's counsel was not ineffective simply because he failed to anticipate the change in law stemming from the Supreme Court's holdings in *Blakely* and *Booker*. Finally, the

Court finds that Defendant's plea of guilty was entered voluntarily, knowingly and intelligently in accordance with Rule 11 of the Federal Rules of Criminal Procedure. In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will dismiss the motion. Moreover, because Defendant has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), the Court shall not issue a certificate of appealability.

An appropriate Order follows.

June 2, 2005  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:01-CR-374 |
| TAMMY GOULD, | (JUDGE CAPUTO) |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:02-CR-76 |
| TAMMY GOULD, | (JUDGE CAPUTO) |
| Defendant. | |

### **ORDER**

**NOW**, this  2nd  day of June, 2005, **IT IS HEREBY ORDERED** that:

(1) Defendant Tammy Gould's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody is **DISMISSED**.

(2) A certificate of appealability shall not issue.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge